Dear Mr. Shoemake:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for an opinion regarding the West Feliciana Parish Police Jury's obligation to provide office space, furniture and fixtures, etc. to the West Feliciana Clerk of Court. Your opinion request was prompted by the West Feliciana Clerk of Court's demand that the Police Jury provide new locks for her office with access restricted to the Clerk and her staff as well as a cage around the elevator, which would restrict access to the elevator on the Clerk's floor to certain people.
You indicated that the Police Jury is currently providing its Clerk of Court with prime space in a relatively new building as well as all of the furnishings and fixtures for the entire basement area of the building. The building is heavily secured by the West Feliciana Parish Sheriff's Office, and everyone entering the building is required to go through a metal detector. Further, as of the date of your opinion request, there had been no breach in security during non-working hours. Finally, you indicated only a very limited number of people have key access to the Clerk's office and that a key is needed to exit the elevator on the Clerk's floor.
The duties of the Police Jury regarding the Clerk of Court are established in La.R.S. 33:4713 and La.R.S. 13.784(A). The former statute provides, in pertinent part, as follows:
 Each parish shall provide and bear the expense of a suitable building and requisite furniture for the sitting of the district and circuit courts and such offices, furniture and equipment as may be needed by the clerks and recorders of the parish for the proper conduct of their offices and shall provide such other offices as may be needed by the sheriffs of these courts and by the tax collectors and assessors of the parish and shall provide the necessary heat and illumination therefor. *Page 2 
Pursuant to that statute, the parish is required to provide its clerk of court with furniture and equipment as needed for the proper conduct of his or her office.
Additionally, La.R.S. 13:784(A) similarly requires that, "upon the request of the clerk, the police jury shall provide him with all necessary office furniture, equipment, and record books."
In La. Atty. Gen. Op. No. 97-262, this office explained it is a mandatory duty of the Police Jury to furnish "necessary" furniture and equipment for certain officials, including clerks of court. This office established the following illustrative list in La. Atty. Gen. Op. No. 88-246 of items that are deemed "necessary" in accordance with the Police Jury's duties under La.R.S. 33:4713:
 Furniture: Desks, tables, chairs, filing cabinets, storage cabinets, and other types of appointments or furnishings necessary for the performance of official duties.
 Equipment: Computers, printers, typewriters, adding machines, calculators, copiers, telephones, dictating and transcribing machines, and other types of functional machinery necessary for the performance of official duties.
 Supplies: Consumable items necessary for the performance of official duties.
 Maps: All maps, regardless of the nature or type necessary for the performance of official duties.
Additionally, in Reed v. Washington Parish Police Jury, 518 So.2d 1044,1049 (La. 1988), the Louisiana Supreme Court established that the duty of the police jury to reimburse the parish district attorney for certain expenses, as set forth in La.R.S. 16:6, is limited by the standard of reasonableness. The Court established a dual test to determine the reasonableness of an expense. First, the expense request must be legitimate in that it is related to the function of the office. Secondly, the expense request must be quantitatively reasonable.
This office extended the Reed standard of reasonableness to La.R.S.33:4713 and La. 13:784(A) in La. Atty. Gen. Op. Nos. 97-262 and 94-139, respectively. The determination of what is reasonable in light of this dual test rests with the trier of fact on a case by case basis.
Again, as you explained in your request, the Courthouse Annex where the Clerk's office is located is presently heavily secured by the West Feliciana Parish Sheriffs Office, everyone entering the building must go through a metal detector in order to gain access to the premises during working hours; and there has been no breach in security during non-working hours. It therefore appears that the current security measures are adequate. However, we also recognize that the Clerk of Court is the legal custodian of all of the records of the court, the original mortgage and conveyance records and *Page 3 
evidence related to court matters, and is therefore responsible for the safekeeping and protection of such records. Accordingly, the Clerk is entitled to adequate and reasonable security measures to protect and preserve these important and vital records and the Police Jury is responsible for providing such adequate and reasonable security measures.
Considering the foregoing, it is the opinion of this office that the Parish is obligated to provide the Clerk of Court reasonable and adequate security measures related to the function of her office, including security measures relating to the safekeeping and preservation of public records for which she is the legal custodian. However, because our office is not a finder of fact, we cannot opine as to whether the expenses associated with the specific requested additional security measures referenced in the request are quantitatively reasonable and thus must be provided by the Parish.
We hope you are able to resolve this matter amicably. Failing that, it can be resolved by filing a petition for declaratory judgment in a court of competent jurisdiction.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly, JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II